†W. R. KERR ET AL. v. BENJAMIN IDDINGS.

1. WORDS WHICH CONSTITUTE MATERIAL ALTERATION OF NOTE.
Changing a note by adding thereto the words "with all reasonable attorney's fees," although of no force, is a material alteration.

2. SURETY DISCHARGED FOR ALTERATION.
Such alteration, when made by the principal, with the knowledge and consent of the holder and owner, but without the consent of the sureties, discharges the surety.

Error to the Court of Common Pleas of Miami county.

This was an action brought upon a promissory note by the defendant in error, who was the payee of the note, against the principal and the plaintiffs in error, who were his sureties. The defense of the sureties was that after the execution of the note by them, it was materially altered by the principal with the knowledge and consent of the defendant in error, by the addition of the words "with all reasonable attorney's fees," without their knowledge or consent. The evidence established the allegations of their defense, but the court below charged the jury that the addition of these words did not constitute a material alteration of the note, and a verdict was rendered against the sureties. A proper exception was taken to the charge, and also to the overruling of the motion for a new trial, which alleged error in the charge of the court, and that the verdict was not sustained by sufficient evidence, and was contrary to law. A bill of exceptions was taken, embodying all of the evidence and the charge of the court, and the sureties now seek a reversal of the judgment.

STEWART, J.

It is contended upon behalf of the defendant in error, that the addition of the words "with all reasonable attorney's fees" does not constitute a material alteration of the note, for the reason that the contract remains the same it having been held in Ohio that a stipulation in a note to pay attorney's fees is against public policy and void. State v. Taylor, 10 O., 378; Shelton v. Gill, 11 O., 417; Martin v. Trustees, 13 O., 251; Busby v. Finn, 1 O. S., 410, and it must be conceded in view of these authorities that neither the principal nor the sureties upon this note could be required in Ohio to pay more than the principal and interest of this note. But we do not consider that this concession disposes of this case. By a long line of authorities in this state it has been held that the policy of the rule against the material alteration of written instruments is to preserve their integrity by taking away the temptation of tampering with them. Patterson v. McNeely, 16 O. S., 348; Wallace v. Jewell, 21 O. S., 163; Bery v. Railway Co., 26 O. S., 673; Harsh v. Klepper, 28 O. S., 200. While it is settled that in Ohio a contract to pay attorney's fees incorporated in a note is void, this is not true in all states, and such a contract has been frequently upheld. 1 Daniel's Negotiable Instr., sections 62, 62a. So that if this note was sued upon in a state where such a contract was legal, the sureties by reason of this alteration would be required to prove that the note having been executed in Ohio, such a stipulation was void. This would require of them other and different proof than could have been required if their contract had remained unaltered. And any change which requires the production of different evidence, or changes the mode of proof is certainly material. 2 Parson's Notes and Bills, 564-582. This was the holding in the case of Harsh v. Klepper, *supra*, where the change was from six to seven per cent., although the law at that time entitled a party to six per cent. interest and no more. 1 S. & C., 742.

It follows that the court below erred in its charge to the jury and in overruling the motion for a new trial, upon the grounds stated, and the judgment will be reversed. And it being admitted by the defendant in error that this change

†The following entry was made in this case, in the supreme court: "Judgment reversing the court of common pleas affirmed, and judgment rendering the judgment the common pleas should have rendered, reversed and cause remanded to the court of common pleas for a new trial." 52 O. S. 683.

was made with his knowledge and consent, and no claim being made that the sureties ever consented to such alteration, this court proceeding to render the judgment that ought to have been rendered by the court below, a judgment will be entered in favor of the sureties for costs.

Geo. S. Long and Ellis H. Kerr, for plaintiffs.

H. H. Williams, for defendant.